UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:10CV-00734-JHM

PHYLLIS CRUTCHER, et al.                                    PLAINTIFFS

V.

GENERAL ELECTRIC COMPANY, et. al.                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs Phyllis Crutcher, Judith McMakin, and Jacqueline Clark's Motion to Remand [DN 13], Defendant General Electric's Motion to Dismiss [DN 6], and Defendant International Union of Electrical Workers/CWA Local 761's Motion to Dismiss [DN 9]. Fully briefed, these matters are ripe for decision. For the following reasons, the Court **GRANTS** in part and **DENIES** in part Plaintiffs' Motion to Remand, **GRANTS** in part and **DENIES** in part, as moot, Defendant GE's Motions to Dismiss, and **GRANTS** Defendant International Union of Electrical Workers/CWA Local 761's Motion to Dismiss.

I. BACKGROUND

Plaintiffs were employees of Defendant General Electric ("GE")and members of Defendant International Union of Electrical Workers/CWA Local 761 (the "Union") between 1999 and 2002. During that period, Defendant GE was reducing its work force and offered Plaintiffs a Special Early Retirement Option ("SERO") to induce them to retire early and make way for less senior employees.

In connection with the SERO, Defendants represented to the Plaintiffs that they would be fully informed of all benefits and rights available to them under the SERO. However, the Plaintiffs were not informed that if they took the SERO that they could also apply for Kentucky Unemployment Insurance Compensation ("UI") benefits. Plaintiffs recently learned that other

similarly situated former GE employees who also took the SERO were told this, and were able to claim and receive UI benefits after their retirement.

Plaintiffs filed suit in Jefferson County Circuit Court on November 12, 2010, alleging constructive fraud, forced waiver under K.R.S. § 336.700, and common law breach of contract. On December 6, 2010, Defendants removed the suit to the Western District of Kentucky. Plaintiffs have now filed a motion to remand the suit to state court, while Defendants have each filed separate motions to dismiss.

## II. DISCUSSION

### A. Motion to Remand/Complete Preemption

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable" to federal court. 28 U.S.C. § 1441(b). "A claim falls within this court's original jurisdiction under 28 U.S.C. § 1331 'only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law.'" Eastman v. Marine Mech. Corp., 438 F.3d 544, 550 (6th Cir. 2006) (citation omitted). However, "the plaintiff is the master of the claim," Gafford v. Gen. Elec. Co., 997 F.2d 150, 157 (6th Cir. 1993), and "the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 943 (6th Cir. 1994). The defendant bears the burden of establishing the existence of federal subject matter jurisdiction and the propriety of the removal. Marine, 438 F.3d at 549. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Plaintiffs argue that this matter should be remanded to state court because only state law claims were asserted in their complaint. The Defendants contend that each of Plaintiffs' state law claims is completely preempted by federal law and thus, this action was properly removed to federal court.

The Supreme Court in Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-93 (1987), addressed the complete preemption doctrine as an exception to the well-pleaded complaint rule.

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.
> . . .
> There does exist, however, an "independent corollary" to the well-pleaded complaint rule known as the "complete pre-emption" doctrine. On occasion, the Court has concluded that the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

Caterpillar, 482 U.S. at 393 (internal citations and footnotes omitted). Thus, if the Plaintiffs' state law claims are completely preempted, then they are considered federal claims which should be adjudicated in federal court.

**1. § 301 Preemption**

The Defendants argue that all of Plaintiffs' claims are completely preempted under § 301 of the Labor Management Relations Act (LMRA). Determining if a state law claim has been preempted by § 301 requires a two step analysis.

> First, the district court must examine whether proof of the state law claim requires interpretation of collective bargaining agreement terms. Second, the court must ascertain whether the right claimed by the plaintiff is created by the collective

> bargaining agreement or by state law. If the right both is borne of state law and does not invoke contract interpretation, then there is no preemption. However, if neither or only one criterion is satisfied, section 301 preemption is warranted.

DeCoe v. General Motors Corp., 32 F.3d 212, 216 (6th Cir. 1994).

The court will address the breach of contract claim first. When an action alleges that an employer breached the terms of a collective bargaining agreement (CBA) and simultaneously that the union violated its duty to fairly represent its members, the Supreme Court has held that such an action is deemed a hybrid § 301/fair representation claim. Delcostello v. Int'l Broth. of Teamsters, 462 U.S. 151, 164-65 (1983). When such actions are raised, subject matter jurisdiction to hear the claims is vested in the federal district courts. Id.; see also Baize v. Phillip Morris Inc., 120 Fed. Appx. 576 (6th Cir. 2004) (finding plaintiffs' claim that employer failed to offer employees certain retirement benefits that were offered to other employees presented a hybrid § 301/fair representation claim that was properly before the federal district court).

In the instant case, Plaintiffs have alleged that at the time the SERO's were negotiated that they were valid members of the Union, which made them creditor third-party beneficiaries to the CBA. Plaintiffs also allege that Defendants breached the CBA by failing to inform them of the UI benefits available in connection with the SERO. Furthermore, Plaintiffs claim that the Union breached its duty of fair representation by failing to file a grievance on their behalf. These allegations clearly present a hybrid § 301/fair representation claim. To determine whether Defendant GE breached the CBA will require interpretation of the CBA. To determine if the Union breached its duty of fair representation by failing to file a grievance will require reading and interpreting the grievance procedures contained in the CBA. Because interpretation of the CBA is required to determine the validity of Plaintiffs' breach of contract claim, the Court finds that the claim is completely preempted by § 301 and was properly removed to this Court.

Defendants next argue that the remaining claims of constructive fraud and forced waiver are completely preempted by the LMRA since they implicate the same facts underlying Plaintiffs' hybrid § 301/fair representation claim. In support of its argument that theses claims are completely preempted by LMRA, Defendant GE cites Burklow v. Baskin-Robbins USA, Co., 274 F. Supp. 2d 899, 906 (W.D. Ky. 2003). While Burklow stands for the proposition that the remaining state law claims against the Union are preempted by § 301, it does not support the same conclusion for the remaining state law claims against Defendant GE.

In Burklow, the plaintiffs' state law claim for fraud against the defendant union was held to be preempted by § 301. The Court found that where a plaintiff's state law tort claim against a union "is based upon the same factual allegations as his federal claim for breach of the duty of fair representation, the state claim is effectively preempted by federal labor law." Burklow, 274 F. Supp. 2d at 906; see also, In re Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, Local No. 173, 983 F.2d 725, 729 (6th Cir. 1993) (finding that plaintiff's state law tort claims against union were preempted by federal labor law because they were "clearly related to [the union's] duty of fair representation"). However, in Burklow, the Court found that the plaintiffs' fraud claim against the defendant employer was not preempted by § 301 because it related to alleged representations that were made independent from any promises contained in the CBA. The Court found that determining whether the employer's statements were fraudulent would not require interpretation of the CBA, and, therefore, the claim was not "so 'inextricably intertwined' with interpretation of the 1998 CBA as to be preempted by Section 301." Burklow, 274 F. Supp. 2d at 907.

The facts in the instant case present a similar situation and require the same outcome. In support of their constructive fraud claim, Plaintiffs have alleged that "the Union stood in a fiducial or quasi-fiducial relation with these Plaintiffs" and that they were "3rd party beneficiaries, pursuant

to the Collective Bargaining Agreement." Pls.' Compl. ¶ 14. In support of their forced waiver claim, Plaintiffs have alleged that the Union kept secret and failed to disclose the fact that Plaintiffs were entitled to UI benefits under the SERO even though the Union "had a duty to do so." Pls.' Compl. ¶ 18. These allegations implicate the same facts underlying Plaintiffs' breach of contract claim, which has already been found to be completely preempted by § 301. Stripped of their artful pleading, Plaintiffs' three state law claims against the Union all seek recovery for a singular harm, the Union's violation of its duty to fairly represent the Plaintiffs. As such, the Court finds that all three claims against the Union are completely preempted by § 301 and should be addressed as a single claim for the violation of the duty of fair representation. See In re Glass, Molders, Pottery , Plastics & Allied Workers, 983 F.2d at 728-29 ("Whether union conduct constitutes a breach of fair representation is a question of federal law.").

However, the Court finds that the claims of constructive fraud and forced waiver against Defendant GE are not completely preempted by § 301. Plaintiffs allege that Defendant GE represented to them that they would be fully informed of their rights under the SERO but then failed to notify them that they were entitled to claim UI benefits. Furthermore, Plaintiffs allege that GE failed to disclose that they were eligible for UI benefits which caused Plaintiffs to unknowingly waive their UI benefits, in effect causing a forced waiver. Unlike the breach of contract claim discussed above, determining if these allegations are in fact true does not require the Court to analyze or interpret the terms of the CBA. Therefore, it cannot be said that these claims are "inextricably intertwined" with the CBA so as to require complete preemption by § 301. Accordingly, the Court finds that the constructive fraud and forced waiver claims against Defendant GE are not completely preempted by § 301.

### 2. ERISA premption

Alternatively, Defendant GE argues that the constructive fraud and forced waiver claims are completely preempted by ERISA. The complete preemption exception

> is narrowly limited in the ERISA context to state common law or statutory claims that fall within the ERISA civil enforcement provision of 29 U.S.C. § 1132(a)(1)(B) because "the legislative history consistently sets out this clear intention to make [§ 1132(a)(1)(B) ] suits brought by participants or beneficiaries federal questions for the purpose of federal court jurisdiction."

Warner v. Ford Motor Co., 46 F.3d 531, 534 (6th Cir. 1995) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, at 66 (1987).[1] The Sixth Circuit has not articulated a test to determine whether a state law claim properly falls under § 1132(a)(1)(B). However, the Court has found a well defined test articulated by the Seventh Circuit in Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482 (7th Cir. 1996). This test has subsequently been adopted by other district courts in the Sixth Circuit and the Court finds it appropriate to do so in the instant case as well.[2]

In Jass, the Seventh Circuit found that determining whether a state claim is completely preempted by ERISA requires the court to look at three factors: (1) whether the plaintiff has standing to bring a claim under § 1132(a); (2) whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 1132(a); and (3) whether the court must interpret the ERISA plan to resolve the state court claim. Jass, 88 F.3d at 1487.

---

[1] 29 U.S.C. § 1132(a)(1)(B) states in pertinent part that a participant or beneficiary may bring a civil suit under ERISA "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

[2] See Huisjack v. Medco Health Solutions, 492 F. Supp. 2d 839, 849 (S.D. Ohio 2007) (applying the Jass framework); Brown Pub. Co. v. Emp'r Ben. Servs. Of Ohio, Inc., 2009 WL 238604, at * 3 (S.D. Ohio 2009) (adopting the report and recommendation of the magistrate judge who applied the Jass framework); Crown Point Dental Care, LLC v. Guardian Life Ins. Co. of America, 2008 WL 4762367, at *2 (S.D. Ohio 2008) (applying the Jass framework).

The facts of the instant case demonstrate that Plaintiffs' claims for constructive fraud and forced waiver are not completely preempted by ERISA. Applying the first of the three Jass factors, the Court finds that Plaintiffs do have standing to bring a § 1132(a) claim because they are participants/beneficiaries of the SERO.[3] However, applying the second and third factors, the Court finds that Plaintiffs' claims do not fall within the ambit of § 1132(a). In support of their constructive fraud claim, Plaintiffs allege that Defendant GE represented that Plaintiffs would be fully informed of their rights and obligations under the SERO. Plaintiffs also allege that Defendant GE failed to inform them that it had an arrangement with the Kentucky Department of Unemployment Insurance that would allow employees taking the SERO to claim UI benefits. Plaintiffs contend that Defendant GE's failure to inform them of this arrangement caused them to miss out on the opportunity to claim these benefits.

These allegations demonstrate that Plaintiffs are not seeking to recover benefits or to enforce rights under the terms of the SERO itself. Rather, they are seeking to recover damages equal to the amount of state sponsored benefits they would have received had GE informed them of their eligibility for such benefits. As such, Plaintiffs' constructive fraud claim fails to meet the second factor of the Jass test. Notwithstanding that failure, the Court also finds that the constructive fraud claim fails to meet the third factor of the Jass test as well. Plaintiffs' fraud claim concerns certain oral representations that Defendant GE made while attempting to convince Plaintiffs to opt into the SERO, therefore, the claim is capable of resolution without interpretation of the SERO itself. Therefore, the constructive fraud claim is not completely preempted by ERISA.

_____

[3] Plaintiffs have not contested Defendants' assertion that the SERO is a qualifying employment benefit plan under ERISA. As the parties have, in essence, agreed that the SERO is an ERISA covered plan, the Court will not conduct an analysis of that issue.

Plaintiffs' forced waiver claim also fails to satisfy the Jass test. Like the constructive fraud claim, the forced waiver claim does not fall within the scope of an enforceable ERISA provision. Under § 1132(a)(1)(B), a beneficiary/participant of an ERISA plan may bring a civil suit to recover benefits, enforce rights, or clarify future rights to benefits *under the terms of the plan*. Plaintiffs' forced waiver claim seeks nothing under the terms of the SERO, and as such, it does not fall within the scope of an enforceable ERISA provision. Furthermore, the resolution of the forced waiver claim does not require the Court to interpret the SERO. Plaintiffs have alleged that Defendant GE's failure to disclose that Plaintiffs could claim UI benefits after taking the SERO forced them to waive their statutory rights. Such a claim does not require an analysis of the SERO. Because Plaintiffs' forced waiver claim fails the last two Jass factors, it is not completely preempted by ERISA.

## B. Motion to Dismiss

Having found that Plaintiffs' hybrid § 301/fair representation claim was properly removed, the Court will now address the Defendants' motions to dismiss that claim. Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiff[ ]," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001), which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. A

complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 1949, 1950. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Defendants contend that Plaintiffs' claim is time barred. The Supreme Court has held that hybrid § 301/fair representation suits are subject to a six-month statute of limitations. DelCostello v. Teamsters, 462 U.S. 151, 169-70 (1983). Such an action "accrues against both the union and the employer when the employee knew or should have known of the acts constituting either the employer's alleged violation or the union's alleged breach, whichever occurs first." Lombard v. Chrome Craft Corp., 264 Fed. Appx. 489, 491 (6th Cir. 2008) (citing Robinson v. Cent. Brass Mfg. Co., 987 F.2d 1235, 1239 (6th Cir. 1993)).

While the actions upon which Plaintiffs base their claims all occurred between 1999 and 2002, it is unclear at what point they learned of the alleged violations. However, it is clear that on April 27, 2010, Plaintiffs issued settlement offers to both GE and the Union for the Defendants' failure to inform Plaintiffs about their right to file for UI benefits in conjunction with the SERO. Using April 27, 2010, as the accrual date for determining when Plaintiffs actually knew of the Defendants' alleged violations, the Court finds that Plaintiffs' hybrid § 301/fair representation claim is barred by the statute of limitations. Plaintiffs suit, filed on November 12, 2010, was filed more than six months after their settlement offer was sent to the Defendants on April 27, 2010. As such, the Court finds that the claim is time barred and should be dismissed.

## C. Supplemental Jurisdiction/State Law Claims

Only the state law constructive fraud and forced waiver claims against GE remain. Since these claims are not completely preempted by ERISA, the Court does not have original

jurisdiction to hear them, and can only do so if it decides, in its discretion, to exercise

supplemental jurisdiction over them.  Section 1367(c) of Title 28 of the United States Code

provides, in pertinent part, as follows:  "The district courts may decline to exercise supplemental

jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has

original jurisdiction." 28 U.S.C. § 1367(c)(3).  In <u>Carnegie-Mellon University v. Cohill</u>, the

Supreme Court discussed the propriety of remand in removed cases where federal claims have

been dismissed and granted district courts broad latitude:

> In Gibbs, the Court stated that "if the federal claims are dismissed before
> trial . . . the state claims should be dismissed as well." [<u>United Mine Workers v.
> Gibbs</u>, 383 U.S. 715, 726 (1966).  More recently, we have made clear that this
> statement does not establish a mandatory rule to be applied inflexibly in all cases.
> <u>See</u> <u>Rosado v. Wyman</u>, 397 U.S. 397, 403-05 (1970).  The statement simply
> recognizes that in the usual case in which all federal-law claims are eliminated
> before trial, the balance of factors to be considered under the pendent jurisdiction
> doctrine-judicial economy, convenience, fairness, and comity-will point toward
> declining to exercise jurisdiction over the remaining state-law claims.

484 U.S. 343, 353 n.7 (1988).  The Court finds that this case was only recently removed in

December 2010, and that the balance of judicial economy, convenience, fairness, and comity all

point toward declining supplemental jurisdiction.  Therefore, the Court remands the remaining

constructive fraud and forced waiver claims against Defendant GE to the Jefferson Circuit Court.[4]

---

[4] Upon remand, the state court should address the defense of traditional preemption under
29 U.S.C. § 1144(a).  "Traditional" preemption is also referred to frequently in the cases as
"conflict," "defensive," "ordinary," or "substantive" preemption.  This opinion has only addressed
the issue of complete preemption.  The two concepts are distinct.  Complete preemption is a
narrow exception to the well-pleaded complaint rule and is based on the proposition that if
Congress intended for a state cause of action to be brought under federal law, then it belongs in
federal court.  Complete preemption justifies removal of a state law claim to federal court.
However, traditional preemption does not provide a basis for the removal of a state law claim.
Traditional preemption simply provides a defense to the prosecution of a state law claim if there
is a conflict between federal law and state law.  Under traditional preemption, state laws which
conflict with federal laws are preempted.

## III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiffs Phyllis Crutcher, Judith McMakin, and Jacqueline Clark's Motion to Remand [DN 13] is **GRANTED** in part and **DENIED** in part. It is **GRANTED** as to Plaintiffs' constructive fraud and forced waiver claims against Defendant GE and is **DENIED** as to all other claims.

**IT IS FURTHER ORDERED** that Defendant General Electric's Motion to Dismiss [DN 6] is **GRANTED** in part and **DENIED** in part as moot. It is **GRANTED** as to Plaintiffs' breach of contract claim and is **DENIED**, as moot, as to Plaintiffs' constructive fraud and forced waiver claims.

**IT IS FURTHER ORDERED** that Defendant International Union of Electrical Workers/CWA Local 761's Motion to Dismiss [DN 9] is **GRANTED** as to all of Plaintiffs' claims.

cc: counsel of record
Jefferson Circuit Court

12